UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES D. DUNCAN, | Case No. 3:24-cv-132 |
| *Petitioner*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Jill E. McCook |
| STATE OF TENNESSEE, | |
| *Respondent*. | |

## MEMORANDUM AND ORDER

Now before the Court is Petitioner's pro se "protective" petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging an unspecified conviction (Doc. 1) and a motion for extension (Doc. 4). The Court will address Petitioner's motion before addressing his petition.

### I. MOTION FOR EXTENSION

After the Clerk entered a notice regarding the requirement that Petitioner pay the filing fee or file a motion for leave to proceed *in forma pauperis* (Doc. 2), Petitioner filed a motion for the Court to extend the time for him to comply with that notice (Doc. 4) before timely paying the filing fee. As he timely paid the filing fee, Petitioner's motion for extension (*id.*) is **DENIED as moot**.

### II. PETITION

#### A. Allegations

In his habeas petition, which he filed on February 28, 2024, Petitioner requests that the Court stay this action because "[he] was abandoned by counsel [in] state post-conviction actions"

(Doc. 1, at 1, 3). Petitioner then asserts that his state post-conviction counsel failed to inform him about the status of his claims, "acted in bad faith, failed to meet the requirement of duty of loyalty[,] failed to perform essential services[,] and acted adverse to [his] interests" (*Id.* at 1).

To support these assertions, Petitioner states that (1) as his underlying conviction was on January 14, 2019, and his post-conviction counsel was appointed on July 30, 2019, his counsel could have timely filed a post-conviction petition on his behalf, and (2) his post-conviction counsel told him that she would file a post-conviction petition asserting claims for ineffective assistance of trial counsel (*Id.*). However, Petitioner also claims that he was unable to contact his post-conviction counsel, who also represented him for a violation of probation, despite regularly attempting to do so (*Id.* at 2).

Petitioner further states that, on an unspecified date, he asked his post-conviction counsel the status of the post-conviction petition, and she responded that she did not know (*Id.*). Also on an unspecified date, Petitioner asked his post-conviction counsel to file an appeal regarding the probation violation (*Id.*). But according to Petitioner, post-conviction counsel failed to contact Petitioner about the status of both filings (*Id.*). Accordingly, on another unspecified date, Petitioner called his post-conviction counsel's office and left a message (*Id.*). Four days later, Petitioner received a letter from post-conviction counsel indicating that she did not represent him anymore and his file was closed (*Id.*).

Petitioner therefore asserts that post-conviction counsel abandoned him and left him without counsel, even though she did not have permission to withdraw and had not sought permission to withdraw from the court (*Id.*). Petitioner also states that he then sent a letter about this issue to the Tennessee Court of Appeals, which responded that the record indicated that post-conviction counsel still represented Petitioner and "remanded to the trial court" (*Id.*). Post-

2

Case 3:24-cv-00132-TRM-JEM   Document 5   Filed 09/06/24   Page 2 of 6   PageID #: 12

(Doc. 1, at 1, 3). Petitioner then asserts that his state post-conviction counsel failed to inform him about the status of his claims, "acted in bad faith, failed to meet the requirement of duty of loyalty[,] failed to perform essential services[,] and acted adverse to [his] interests" (*Id.* at 1).

To support these assertions, Petitioner states that (1) as his underlying conviction was on January 14, 2019, and his post-conviction counsel was appointed on July 30, 2019, his counsel could have timely filed a post-conviction petition on his behalf, and (2) his post-conviction counsel told him that she would file a post-conviction petition asserting claims for ineffective assistance of trial counsel (*Id.*). However, Petitioner also claims that he was unable to contact his post-conviction counsel, who also represented him for a violation of probation, despite regularly attempting to do so (*Id.* at 2).

Petitioner further states that, on an unspecified date, he asked his post-conviction counsel the status of the post-conviction petition, and she responded that she did not know (*Id.*). Also on an unspecified date, Petitioner asked his post-conviction counsel to file an appeal regarding the probation violation (*Id.*). But according to Petitioner, post-conviction counsel failed to contact Petitioner about the status of both filings (*Id.*). Accordingly, on another unspecified date, Petitioner called his post-conviction counsel's office and left a message (*Id.*). Four days later, Petitioner received a letter from post-conviction counsel indicating that she did not represent him anymore and his file was closed (*Id.*).

Petitioner therefore asserts that post-conviction counsel abandoned him and left him without counsel, even though she did not have permission to withdraw and had not sought permission to withdraw from the court (*Id.*). Petitioner also states that he then sent a letter about this issue to the Tennessee Court of Appeals, which responded that the record indicated that post-conviction counsel still represented Petitioner and "remanded to the trial court" (*Id.*). Post-

conviction counsel then filed a motion to withdraw, and substitute counsel was appointed for Petitioner (*Id.*).

But according to Petitioner, his time for filing a post-conviction petition "had lapsed" when he was appointed substitute counsel (*Id.* at 3). Petitioner therefore states that his former post-conviction counsel's abandonment caused him to file an untimely post-conviction petition, for which a hearing was scheduled March 1, 2024 (*Id.*).

Petitioner ultimately requests that the Court stay this action and allow him to exhaust his state court remedies (*Id.*).

## III. LEGAL STANDARD

Under the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule(s)"), a federal habeas petition must, as relevant here, (1) specify all available grounds for relief; (2) state the facts supporting each ground; (3) state the relief requested; and (4) be signed by the petitioner under penalty of perjury. *See* Habeas Rule 2(c). After an initial review, a court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[]." Habeas Rule 4; *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Also, prior to seeking federal habeas relief, a petitioner must exhaust his available state-court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If he fails to do so, his federal habeas petition ordinarily must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

However, in limited circumstances, a petitioner may file a protective federal habeas corpus petition and request that the federal court stay the action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005). Such a stay is only appropriate if the petitioner shows (1) good cause for his failure to exhaust, (2) that his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

IV. ANALYSIS

The petition filed by Petitioner does not identify the conviction he is challenging, his grounds for relief,[1] the facts supporting any ground for relief, or his requested relief (Doc. 1, at 1–3). Petitioner also did not sign the petition under penalty of perjury (*Id.* at 3). Thus, Petitioner's protective federal habeas petition does not comply with the requirements of the Habeas Rules.

Out of an abundance of caution, the Court also notes that Petitioner has not shown that he is entitled to stay and abeyance of this matter under *Rhines*. (*Id.*) First, Petitioner's failure to set forth any cognizable habeas corpus claims in his protective petition means that he has not established that any § 2254 claims he seeks to bring herein are not plainly meritless, as required for him to be entitled to a stay and abeyance. (*Id.*)

Also, while Petitioner appears to blame his post-conviction counsel's alleged abandonment of her post-conviction representation of him for his failure to first exhaust his

---

[1] While Petitioner does assert that his post-conviction counsel acted improperly (Doc. 1, at 1–3), he did not have a constitutional right to post-conviction counsel, and thus did not have a constitutional right to effective assistance of post-conviction counsel in state collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Accordingly, these assertions fail to state a cognizable claim for habeas corpus relief.

4

habeas corpus claims prior to bringing this action, Petitioner does not provide any facts to demonstrate that this abandonment is good cause for his failure to first exhaust his habeas corpus claims with the state court, which is also required for him to be entitled to a stay and abeyance. (*Id.*) Specifically, Petitioner does not provide any details about his attempts to contact his post-conviction counsel about the post-conviction petition, such as the dates and the manners in which he attempted to contact her. Nor does Petitioner provide the date on which his post-conviction notified him that she no longer represented him, or the date on which she officially withdrew from representing him.

The Court further notes that after Petitioner exhausts the state court post-conviction remedies that he states that he is currently pursuing through his substituted counsel, Petitioner will still be able to assert that the alleged ineffectiveness of his original post-conviction counsel should excuse any procedural infirmities in the habeas corpus claims he properly files in a future petition.

Accordingly, Petitioner has not filed a proper habeas corpus petition or met the requirements for a stay and abeyance. As such, this action will be **DISMISSED** without prejudice.

V.     **CERTIFICATE OF APPEALABILITY**

Because this ruling constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability[.]" Habeas Rule 11(a). A certificate of appealability ("COA") should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's procedural ruling here, a COA will be **DENIED**.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's motion for extension (Doc. 4) is **DENIED as moot** and this action will be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**